UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENAN AL-MANSOOB,

      Plaintiff,

v.

MATTHEW MALLOY and WILBURN ARSHER TRUCKING,

      Defendant.
                                               /

Case No. 09-14527

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING PLAINTIFF'S SEPTEMBER 8, 2010 MOTION TO SUBSTITUTE REAL PARTY IN INTEREST AND GRANTING DEFENDANTS' JULY 16, 2010 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendants' July 16, 2010 motion for summary judgment. Plaintiff filed a response August 16, 2010; and Defendants filed a reply August 23, 2010. On September 8, 2010, Plaintiff filed a motion to substitute real party in interest, to which Defendants filed a response September 16, 2010. Oral argument was heard September 23, 2010. Because Defendants do not object to the Plaintiff's motion to substitute bankruptcy trustee Michael Stevenson as the real party in interest, the court will grant Plaintiff's motion.

## BACKGROUND FACTS

This case arises out of a June 11, 2007 multi-vehicle automobile accident in Detroit. A truck operated by defendant Matthew Malloy, under the United States Department of Transportation authority granted to defendant Wilburn Archer Trucking, was in the process of making a right-hand turn from northbound Dearborn Road onto eastbound Fort Street. A passenger vehicle operated by plaintiff Senan Al-Mansoob was attempting to pass Malloy's truck on the right-hand side at the same time Malloy began his turn, resulting in the accident.

Plaintiff filed his first amended complaint July 17, 2009. Defendants removed the matter to this court November 19, 2009. On September 30, 2009, Plaintiff filed for voluntary bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code. Included in Plaintiff's petition was his affirmation that he had insufficient assets to pay any of his creditors, all of whom held unsecured, non-priority claims.

The bankruptcy petition also included "Schedule B," which pertains to the personal property claimed by the petitioner. In this case, plaintiff Al-Mansoob failed to list the instant litigation as an asset as he was required to do, given that the instant litigation had already been filed. Notably, Plaintiff **did** list as an asset his first-party claim against State Farm Mutual Automobile Insurance Company which arose out of the same July 11, 2007 accident. However, he also failed to identify the instant litigation in his Statement of Financial Affairs, which required him to disclose any lawsuit to which the debtor was a party within one year immediately preceding the filing of his bankruptcy case. In addition, Plaintiff twice amended his Schedules in the bankruptcy proceeding, first on December 31, 2009, and second on February 18, 2010. In neither of the Amended Schedules did Plaintiff list this litigation as an asset.

The bankruptcy court granted Plaintiff a discharge March 3, 2010. Defendants claim they were not aware of the bankruptcy case until July 12, 2010. On July 16, 2010, Defendants filed this motion for summary judgment based on judicial estoppel.

## LAW AND ANALYSIS

The United States Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." Clarke v. United Parcel Service, Inc., 421 B.R. 436, 440 (W.D. Tenn. 2010).

Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. New Hampshire v. Maine, 532 U.S. 742 (2001). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest." In Re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999). Because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required. Id.

In Coastal Plains, the court adopted a three-prong test to determine whether a plaintiff is judicially estopped from asserting a claim against a defendant in the context of non-disclosure of bankruptcy assets. The Coastal Plains test was subsequently adopted by the United States Court of Appeals for the Sixth Circuit in Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002). A debtor is judicially estopped from bringing or maintaining a suit against a defendant if: 1) the party asserting the claim is taking a position that is plainly inconsistent with its prior legal position; 2) the court accepted the previous position; and 3) the disclosure was not inadvertent. Id. Courts have strictly applied this test to foreclose a party from pursuing existing claims and/or lawsuits where such matters were not disclosed during the debtor/plaintiff's pending bankruptcy.

3

In this case plaintiff Al-Mansoob failed to initially identify and failed to amend his schedules during pendency of his bankruptcy proceeding to include this litigation as an asset. Second, the bankruptcy court then discharged Plaintiff's bankruptcy proceeding, thereby "accepting Plaintiff's position" for purposes of the second prong of the test. Finally, with respect to "inadvertence," courts have determined that it will be found in the following circumstances: 1) where the debtor lacks knowledge of the factual basis of the undisclosed claims, and 2) where the debtor has no motive for concealment. <u>Id</u>. at 776. In this case Al-Mansoob had knowledge of his personal injury claims because they were pending before he filed for bankruptcy protection. Furthermore, there is an obvious motive for failing to disclose–wanting to keep any settlement or judgment to himself.

In his response brief, Plaintiff agrees with all of the case law cited by Defendants; however, Plaintiff contends that his failure to list this litigation in his bankruptcy proceedings was inadvertent. Plaintiff suggests that "[i]t is possible that because of the similarities of these claims [those against State Farm and those against Defendants], Mr. Al-Mansoob did not realize there were two separate and distinct lawsuits." Plaintiff's resp. br. at 8. Plaintiff claims that he now will attempt to appoint a trustee in his bankruptcy proceeding in an effort to cure the defect.

Defendants attach to their reply brief a Sixth Circuit case that was published after Defendants filed their motion. <u>White v. Wyndham Vacation Ownership, Inc.</u>, 2010 WL 30155161 (August 11, 2010), is directly on point. The court found that plaintiff White's reliance on her bankruptcy lawyer's expertise was entirely unpersuasive. Like Al-Mansoob, plaintiff White failed to list her pending sexual harassment lawsuit as an asset in the bankruptcy proceedings. Even though White's lawyer filed an affidavit explaining that he inadvertently omitted the suit from the required schedule,

4

and even though plaintiff White filed an amendment to the Statement of Financial Affairs, the Sixth Circuit found these attempts "limited and ineffective" and applied judicial estoppel to the suit.

In this case plaintiff Al-Mansoob made no effort to cure the omission before Defendants' motion for summary judgment was filed. Therefore, under the holding in White, Defendants are entitled to summary judgment based on judicial estoppel.

## **ORDER**

It is hereby **ORDERED** that Plaintiff's September 8, 2010 motion for substitution of the bankruptcy trustee as real party in interest is **GRANTED.**

It is further **ORDERED** that Defendants' July 16, 2010 motion for summary judgment is **GRANTED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: September 29, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 29, 2010, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager