UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENAN AL-MANSOOB,

        Plaintiff,

v.

MATTHEW MALLOY and WILBURN ARSHER TRUCKING,

        Defendants.
                                    /

Case No. 09-14527

Honorable John Corbett O'Meara

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter came before the court on Plaintiff's motion for reconsideration of this court's order granting Defendants' motion for summary judgment. Defendant filed a response; no oral argument was heard.

Plaintiff's motion for reconsideration is time-barred pursuant to Local Rule 7.1(g)(1), which provides that motions for reconsideration must be filed within 10 days after entry of the judgment or order. In this case, the court's order granting Defendants' motion for summary judgment and judgment in Defendants' favor were both filed September 29, 2010. Plaintiff filed this motion for reconsideration October 27, 2010, nearly 30 days later.

To the extent Plaintiff seeks relief alternatively under Rules 59 and 60 of the Federal Rules of Civil Procedure, no grounds exist for the court to grant Plaintiff's motion. Plaintiff asserts that this court failed to apply Prongs 1 and 2 of the judicial estoppel inquiry. However, Prong 1 was established by Plaintiff's repeated failure to list the instant action in his bankruptcy proceeding until *after* Defendants filed their motion for summary judgment. Prong 2 was similarly well established,

as the bankruptcy court discharged Plaintiff and authorized distributions of money to Plaintiff, his attorney, and the trustee without any knowledge of this lawsuit which Plaintiff now claims is an asset.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3).

In this case the court finds no palpable defect.  Plaintiff has merely presented the same issues previously ruled upon by the court.

## ORDER

It is hereby **ORDERED** that Plaintiff's motion for reconsideration is **DENIED.**

　　　　　　　　　　　　　　　　　　s/John Corbett O'Meara
　　　　　　　　　　　　　　　　　　United States District Judge

Date:  April 19, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 19, 2011, using the ECF system.

　　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　　Case Manager